UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Regina B.,

    Plaintiff,

v.

Frank Bisignano,[1]
*Commissioner of Social Security*,

    Defendant.

Case No. 22-cv-01016 (ECW)

**ORDER**

---

This matter is before the Court on Plaintiff's "Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. §406(b)" ("Motion") (Dkt. 34). Plaintiff seeks attorney's fees under 42 U.S.C. § 406(b) in the amount of $16,991.00, related to a contingency fee agreement between Plaintiff and his legal counsel. (*Id.*; *see also* Dkt. 34-1.) For the reasons stated below, the Motion is granted.

## I.    BACKGROUND

On April 22, 2022, Plaintiff filed this case seeking judicial review of a final decision by Defendant denying his application for Disability Insurance Benefits. (Dkt. 1;

---

[1] The Complaint named Kilolo Kijakazi, who was the Acting Commissioner of the Social Security Administration when Plaintiff filed his Complaint. (*See* Dkt. 1.) Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

*see* Dkt. 14 at 2.) On January 31, 2023, the parties stipulated to remand of the case to Defendant Commissioner of Social Security ("the Commissioner"), which the Court ordered that same day pursuant to sentence 4 of 42 U.S.C. § 405(g). (Dkt. 24 (Stipulation); Dkt. 26 (Order).)

Plaintiff was awarded benefits, including past benefits, on remand. (Dkt. 34 ¶ 2; Dkt. 34-2.)

On February 14, 2023, the parties further stipulated to an award of $7,175.20 in attorney's fees and $402.00 in costs to Plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 30.) Pursuant to that Stipulation, the Court awarded Plaintiff those fees and costs, "fully and completely satisfy[ing]" any additional reimbursements under the EAJA. (Dkt. 32.)

Attached to the Motion now before the Court is a Notice of Award from the Social Security Administration dated February 17, 2025, awarding Plaintiff $67,964.00 in past-due benefits. (Dkt. 34-2 at 3.) The SSA withheld twenty-five percent from this amount, which is $16,991.00, for legal expenses in the event the SSA needed to pay that amount to Plaintiff's representative. (*Id.*)

On February 28, 2025, Plaintiff filed the present Motion seeking attorney's fees under 42 U.S.C. § 406(b). (Dkt. 34.) Specifically, Plaintiff seeks an additional $9,815.80 in fees (in addition to the $7,175.20 already awarded pursuant to the EAJA) for a total fee award of $16,991.00 for her attorney's representation in the matter. (*Id.* at 1.) The Commissioner did not file a response to the Motion; however, Plaintiff represents that,

2

after conferring with the Commissioner, the Commissioner stated that he neither supports nor opposes the Motion.[2] (*Id.* at 1 & n.1)

## II.   ANALYSIS

### A.   Legal Standard

The relevant statute, 42 U.S.C. § 406(b)(1), provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

The Supreme Court has recognized that "nothing in the text or history of § 406(b) reveals a design to prohibit or discourage attorneys and claimants from entering into

---

[2]   Plaintiff writes:

> Specifically, counsel for the Defendant responded in an email on February 28, 2025, and stated: "Plaintiff's counsel conferred with counsel for the Commissioner prior to filing this motion. The Commissioner states that he neither supports nor opposes counsel's request for $16,991.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). After subtracting the EAJA fee of $7,175.20 from $16,991.00, counsel would be awarded a net fee of $9,815.80. The Commissioner agrees that Plaintiff's counsel may style the motion as unopposed. Additionally, the Commissioner does not intend to file a response given that his position is accurately reflected in this motion."

(Dkt. 34 at 1 n.1.)

3

contingent fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (cleaned up). Instead, a court must independently determine whether attorney's fees sought under such an agreement is reasonable. *See id.* at 808. Contingency agreements are unenforceable when they require fees in excess of 25 percent of the past-due benefits, and when "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807 (citing 42 U.S.C. § 406(b)). "[T]he award set by the contingency agreement must be the anchor of the court's reasonableness analysis under § 406(b)." *Kertz v. Colvin*, 125 F.4th 1218, 1221 (8th Cir. 2025) (citations omitted). In looking at whether the amount of a contingency award is reasonable, a court may also be aided by the number of hours spent by counsel, an attorney's normal billing rate, any delay caused by counsel, and the character of the representation—i.e., the results yielded by the representation. *Id.* at 1220; *see also Shane T. v. Saul*, Civ. No. 18-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020) ("A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case.") (citing *Gisbrecht*, 535 U.S. at 808).

When a court awards attorney's fees to a plaintiff under the EAJA and awards fees to the plaintiff's attorney under Section 406(b), the attorney must refund the amount of the smaller received fee to the plaintiff. *Gisbrecht*, 535 U.S. at 796; *see Shane T.*, 2020 WL 5743075, at *2.

B.  **Reasonableness of Fees and Costs**

Here, Plaintiff's attorney fee agreement states in relevant part:

I, Ms. Regina [B.] , (hereinafter "the claimant"), hereby retain attorney David B. Goetz of the law office of Gonzalez & Goetz, LLC (hereinafter "the attorney") to file an appeal of a claim for disability benefits under the Social Security Act in the United States District Court (hereinafter "the court").

If the court renders a judgment reversing or remanding the administrative decision denying benefits and claimant is ultimately awarded past-due benefits, claimant agrees to pay a fee of 25 percent of the total of the past-due benefits to which the claimant is entitled. We understand that past-due benefits are the total amount of money to which claimant and any auxiliary beneficiary(ies) become entitled through the month before the month in which the Social Security Administration effectuates a favorable determination or decision on the claim. Social Security Benefits and Supplemental Security Income benefits are included. The Commissioner of Social Security may certify the amount of any fee allowed by the court for payment to attorney out of the amount of such past-due benefits. Typically, this is done when Social Security issues a Notice of Award letter that calculates the total amount of the claimant's past-due benefits. It is understood that this agreement shall in no way limit the amount of the attorneys' fees which may be awarded under the Equal Access to Justice Act (EAJA). If, within attorney's sole discretion, a claim for fees under the EAJA is justified, then the attorney shall file a claim for said fees against the government in the Federal Court. Any attorneys' fees awarded by the court that are paid by the government and retained by attorney David B. Goetz will be applied to reduce the amount of attorneys' fees that would otherwise be due from claimant's past-due benefits. If the amount paid by the government exceeds 25 percent of claimant's past due benefits, then no amount shall be due for attorneys' fees. If the amount paid by the government is less than 25 percent of the claimant's pastdue benefits, then the difference will be due as agreed to above. Claimant hereby assigns his right to any attorney fees awarded under the EAJA to attorney, David B. Goetz. It is agreed that attorney David B. Goetz will pay any amounts due to any other attorney who works on claimant's federal court case. Claimant agrees that all attorney fees awarded by the court will be paid directly to attorney David B. Goetz. Any fees paid to other attorneys will not reduce the amount due to David B. Goetz under this agreement.

(Dkt. 34-1 at 1.)

5

As stated above, Plaintiff's Notice of Award indicates that the SSA withheld approximately $16,991.00 (25%) from her past-due benefits to pay attorney fees. (Dkt. 34-2 at 3.) Plaintiff's counsel agrees with that calculation. (*See* Dkt. 34 ¶ 3.) Further, the Commissioner does not dispute that 25 percent of Plaintiff's past-due benefits would be $16,991.00. (*Id.* at 1 & n.1.)

Plaintiff's counsel seeks a net payment of $9,815.80 in fees under 42 U.S.C. § 406(a), representing 25% of past-due benefits after subtracting the $7,175.20 awarded via the EAJA. (*Id.* at 1.) According to Plaintiff's counsel, the payment is for at least 30.2 hours of work by counsel. (*Id.* ¶ 6; *see* Dkt. 34-3.) This makes the effective hourly billing rate for attorney time spent on this matter $325.03 ($9,815.80/30.2).

Considering that Plaintiff's attorney's legal representation resulted in a disability benefit award, including future benefits; there is no indication counsel were responsible for any delay; counsel spent a reasonable amount of time on the case (not charging for a number of tasks); and the amount awarded (in addition to the EAJA award) is equal to 25 percent of Plaintiff's past-due benefits, the Court finds a net award of $9,815.80 to be reasonable. *See Kertz*, 125 F.4th at 1220.

This decision is supported by caselaw in this District, which puts the effective hourly rate here of $325.03 well within the range that courts have founds to be reasonable in Social Security matters. *See Thalassa R. v. O'Malley*, No. 21-CV-02696 (KMM/ECW), 2024 WL 5359851, at *3 (D. Minn. Dec. 6, 2024) (holding an effective billing rate of $431.91 per hour to be reasonable), *R. & R. adopted sub nom. Thalassa R. v. Colvin*, No. 21-CV-2696 (KMM/ECW), 2025 WL 307417 (D. Minn. Jan. 27, 2025);

6

*Lisa H. v. O'Malley*, No. 20-CV-2061 (ECW), 2024 WL 5167066, at *2 (D. Minn. Dec. 19, 2024) (holding an effective billing rate of $496.00 to be reasonable); *Poire v. O'Malley*, No. 20-CV-00888 (KMM-ECW), 2024 WL 3026549, at *2 (D. Minn. June 17, 2024) (holding an effective rate of $473.08 per hour to be reasonable); *Richard E.C. v. Saul*, No. 19-CV-1900 (ECW), 2021 WL 9476864, at *2 (D. Minn. Mar. 19, 2021) (holding an effective billing rate of "approximately $1,000 per hour" to be reasonable); *Matthew L. v. O'Malley*, No. 21-CV-1009 (JFD), 2024 WL 1694839, at *2 (D. Minn. Apr. 19, 2024) (approving effective rate of $1,250/hour but noting that it was "on the high end of what courts in this District have found reasonable"); *Gerry W. v. Dudek*, No. 23-CV-02010 (ECW), 2025 WL 1125478, at *3 (D. Minn. Apr. 16, 2025) (approving effective rate of $1,477.22 per hour).

While the remand that allowed Plaintiff to seek attorney's fees in this case came via stipulation, the Court sees no reason to reduce such a fee award for this reason. *See Gerry W.*, 2025 WL 1125478, at *3. The Commissioner's agreement to stipulate to remand came after Plaintiff had already filed her Motion for Summary Judgment and her Memorandum in Support, which accounts for 30.1 of the 30.2 hours claimed by Plaintiff here. (*See* Dkt. 34-3.) Given that Plaintiff's counsel had already completed 99 percent of the billable hours for which he now seeks reimbursement when the case was remanded, there is no good reason to alter this award.

Regarding the nature of authorizing a net, rather than a total award, Congress requires an attorney receiving fees under both the EAJA and Section 406(b) "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S., at 798 (cleaned up and

7

citation omitted). The Commissioner does not object to awarding Plaintiff's counsel's a net fee after deducting Plaintiff's prior EAJA award from the total attorney's fees withheld. (Dkt. 34 at 1 n.1.) As such, the Court awards Plaintiff's counsel $9,815.80 ($16,991.00 - $7,175.20 = $9,815.80) in Section 406(b)(1) fees related to this case.[3] *See Fensterman v. Comm'r of Soc. Sec.*, No. 22-CV-2862 (NEB/ECW), 2025 WL 1340657, at *2 (D. Minn. May 8, 2025).

### III.   ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. §406(b) is **GRANTED**;

2. Plaintiff's counsel is **AWARDED** an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $16,991.00, reduced by $7,175.20, for a net total fee of $9,815.80; and

3. The Social Security Administration issue payment to Plaintiff's counsel in the amount of $17,878.68 in accordance with agency policy.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 30, 2025                         *s/Elizabeth Cowan Wright*
                                             ELIZABETH COWAN WRIGHT
                                             United States Magistrate Judge

---

[3]   The Notice of Award states that the SSA will "send any remainder" of the withheld 25% to Plaintiff after the amount of fee is decided. (Dkt. 34.2 at 3.)